## UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

Deborah S. Hunt
Clerk

100 EAST FIFTH STREET, ROOM 540
POTTER STEWART U.S. COURTHOUSE
CINCINNATI, OHIO 45202-3988

Tel. (513) 564-7000
www.ca6.uscourts.gov

Filed: January 27, 2014

Ms. Deborah L. Buchholz
Wagner, Myers & Sanger
800 S. Gay Street
Suite 1801
Knoxville, TN 37929

Mr. Joseph Aloysius Hennessey
Beins, Goldberg & Hennessey
Two Wisconsin Circle
Suite 700
Chevy Chase, MD 20815

Mr. Brian Conal Quist
Quist, Cone & Fisher
800 S. Gay Street
Suite 2121
Knoxville, TN 37929

Re: Case No. 13-6482/13-6507, *MAKS Inc v. Sterling Operations, Inc*
Originating Case No. : 3:10-cv-00443

Dear Counsel,

The briefing schedule for this case is listed below. The briefs must be filed electronically with the Clerk's office no later than these dates. If the appellant's or cross-appellant's principal brief is filed late, the appeal or cross-appeal is at risk of being dismissed for want of prosecution.

Citations in your brief to the lower court record must include (i) a **brief** description of the document, (ii) the record entry number and (iii) the "**Page ID** #" for the relevant pages. Consult 6 Cir. R. 28(a)(1) for additional information.

| First Brief: | |
|---|---|
| Appellant/Cross-Appellee Brief | Limit 14,000 words |
| Appendix (if required by 6 Cir. R. 30(a)) | Filed electronically by **March 11, 2014** |

| | |
|---|---|
| Second Brief:<br>Appellee/Cross-Appellant Brief<br>Appendix (if required by 6 Cir.<br>  R. 30(a) and (c)(2)) | Limit 16,500 words<br>Filed electronically by **April 14, 2014** |
| Third Brief:<br>Appellant Reply/Cross-<br>Appellee<br>Response Brief | Limit 14,000 words<br>Filed electronically by **May 16, 2014** |
| Fourth Brief:<br>Appellee/Cross-Appellant<br>Reply Brief (Optional) | Limit 7,000 words<br>Filed electronically **17** days<br>after 3rd brief. |

   **When you docket your brief in ECF, the correct entry for a cross-appeal is "First Brief," "Second Brief," and so forth.**

   For most appeals, the Court will access directly the electronic record in the district court.  However, to determine if this appeal requires an appendix and how to prepare it, read the latest version of the Sixth Circuit Rules at www.ca6.uscourts.gov, in particular Rules 28 and 30.

   A party desiring oral argument must include a statement <u>in the brief</u> setting forth the reason(s) why oral argument should be heard.  *See* 6 Cir. R. 34(a).  If the docket entry for your brief indicates that you have requested oral argument but the statement itself is missing, you will be directed to file a corrected brief.

   In scheduling appeals for oral argument, the court will do what it can to avoid any dates which counsel have called to its attention as presenting a conflict.  If you have any such dates, you should address a letter to the Clerk advising of the conflicted dates.

Sincerely yours,

                                                 s/Julie Brock
                                                 Case Manager
                                                 Direct Dial No. 513-564-7011

Enclosure

## CHECKLIST FOR BRIEFS

ECF FUNDAMENTALS:

___   Briefs filed ECF unless filer is pro se or attorney with a waiver for ECF filings
___   PDF format required
___   Native PDF format strongly preferred
___   In consolidated cases (excluding cross-appeals), appellants should **un-check** the case number(s) that is/are not their case. The appellant's brief should appear only on the docket of his/her specific appeal.
___   Parties who have joined in a notice of appeal shall file a single brief. Fed. R. App. P. 3(b)(1).

COVER OF BRIEF (Fed. R. App. P. 32(a)(2)):

___   Sixth Circuit case number
___   Heading: "United States Court of Appeals for the Sixth Circuit"
___   Title of case
___   Nature of proceeding and name of court, agency or board below
___   Title of brief (example "Appellant's Brief")
___   Name(s) and address(es) of counsel filing the brief

CONTENTS (Fed. R. App. P. 28, 6 Cir. R. 28):

___   Corporate Disclosure Form
___   Table of Contents
___   Table of Authorities with page references (with cases alphabetically arranged, statutes and other authorities)
___   **Statement in support of oral argument** (if there is no statement, argument is waived)
   \*\*\*Page limitation, word or line count begins here.  See Fed. R. App. P. 32(a)(7)
___   Jurisdictional statement
___   Statement of issues
___   Statement of the case, setting out the relevant facts and history with references to the record

> When referring to a district court record, the citation must include: (1) a brief description of the document; (2) the docket entry number of the document; and (3) the Page ID # range for the relevant pages. See 6 Cir. R. 28 for additional information on how to reference appendices or administrative records in other appeals. Examples:
>
> Motion for Summary Judgment, RE 24, Page ID # 120-145
> Transcript, RE 53, Page ID # 675-682
> Plea Agreement, R. 44, Page ID # 220-225
> A.R., RE 5, Page ID # 190-191, pp. 69-70

___   Summary of argument

___   Argument **with references to record and citations to case law, statutes and other authorities**. The preferred format is that references and citations appear in the body of the text and not in footnotes.

___   Standard of review (for each issue which may appear in discussion of each issue or under separate heading placed before discussion of issues)

___   Signed conclusion
       Signature format is: s/(attorney's name)
       Graphic or other electronic signatures discouraged
***Page limitation, word or line count ends here

___   A Certificate of Compliance as required by Fed. R. App. P. 32(a)(7)(C)

___   Dated Certificate of Service

___   **Designation of Relevant District Court Documents with Page ID # range**

___   Other Addendum contents allowed by Fed. R. App. P. 28(f) or 6 Cir. R. 28(b). Addendum may **not** contain any items from lower court record or appendix.

TYPEFACE AND LENGTH (See Fed. R. App. 32(a)(5) and (a)(7):

___   Typeface either proportionally-spaced font at 14 point (such as CG Times or Times New Roman) or monospaced font at 12 point (such as Courier New)

Times New Roman at 14 point    `Courier New at 12 point`

\_\_\_ Length for principal briefs: 30 pages OR up to 14,000 words (proportional fonts) OR up to 1300 lines (monospaced font)

\_\_\_ Length for reply brief: 15 pages OR up to 7,000 words (proportional fonts) OR up to 650 lines (monospaced font)

\_\_\_ Briefs using the 14,000 word or 1300 line limits <u>must</u> include word or line count in certificate of compliance (see Fed. R. App. P. 32(a)(7)(C)).

\_\_\_ Headings, footnote and quotations count toward word or line limitations

\_\_\_ For Death Penalty briefs, see 6 Cir. R. 32(b)(2)

\_\_\_ For Cross-Appeals, see Fed. R. App. P. 28.1

\_\_\_ For Amicus briefs, see Fed. R. App. P. 29 and 32

MISCELLANEOUS:

\_\_\_ Personal information must be redacted from the brief - see Fed. R. App. P. 25(a)(5) for specifics. When filing a brief, the ECF system will require attorneys to verify that personal information has been redacted.

\_\_\_ Footnotes must be same sized text as body of brief.